# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

THOMAS CACCIOPOLI

Defendant.

08-cr-76

**Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)**

**JACK B. WEINSTEIN, Senior District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines have been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On June 2, 2008, Thomas Cacciopoli pled guilty to counts ten and seventy-nine of an eighty-count superseding indictment. Count ten charged that between December 2003 and January 2008, the defendant, together with others, conspired to extort by obtaining cash and check payments from John Doe #4 relating to the operation of his Staten Island cement company, with consent induced through wrongful use of actual and threatened force, violence and fear, in violation of 18 U.S.C. § 1951(a). County seventy-nine charged that in January 2008, Cacciopoli, together with others, conspired to extort money from John Doe #13 in connection with the sale of a Staten Island cement company, with consent induced through wrongful use of actual and threatened force, violence and fear, in violation of 18 U.S.C. § 1951(a).

Cacciopoli was sentenced on November 12, 2008. The open counts of the indictment against him were dismissed upon motion by the government. The proceeding was also videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-one and defendant's criminal history category to be level II, yielding a guidelines range of imprisonment of between forty-one and fifty-one months. The offense also carried a maximum term of imprisonment of twenty years for each count to which the defendant pled guilty. The guidelines range of fine was from $7,500 to $75,000.

Cacciopoli was sentenced to thirty-six months imprisonment, concurrent with the defendant's sentence currently being served for a conviction in the Southern District of New York. See U.S.S.G. § 5G1.3. He was sentenced to three years supervised release. The court recommended that the defendant continue with his present educational program while serving his

prison sentence. A $200 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. Restitution is sought against Cacciopoli. That issue was adjourned to a future scheduled restitution hearing.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious and the defendant is a member of an organized crime family. A sentence of thirty-six months reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in organized crime will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to apply for certain employment.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: November 26, 2008
       Brooklyn, New York

3